[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON STERLING TRUST COMPANY'S MOTION FOR SUMMARY JUDGMENT
The plaintiffs filed these actions against Anthony Muro (Muro), an insurance seller, claiming, in essence, that as a result of receiving faulty advice from the defendant they made certain investments from which they sustained financial losses. Muro filed a third party complaint against numerous defendants alleging that his potential liability is directly attributable to the third party defendants' negligence, fraud and/or violations of the Connecticut Unfair Trade Practices Act.
Third party defendant Sterling Trust Company has moved for summary judgment claiming that there is no dispute that Sterling's alleged conduct occurred subsequent to Muro's alleged conduct and therefore cannot serve as a basis for his indemnification by Sterling; that Muro cannot prove any wrongful or negligent conduct on the part of Sterling; that Sterling owes no legal duty to Muro; and that the Connecticut Unfair Trade Practices Act is inapplicable to securities.
Summary judgment shall be granted if the pleading and documentary proof submitted demonstrates that no genuine dispute of material fact exists and that the movant is entitled to judgment as a matter of law.Practice Book § 17-49.
The court finds that there is no genuine dispute that in September 1998, Muro met with the plaintiffs and recommended they purchase Sebastian notes. With the assistance of Muro, the plaintiffs completed forms directing Sterling to purchase Sebastian promissory notes for the benefit of each of the plaintiffs' self-directed individual retirement accounts. In mid-1999, Sebastian defaulted on the notes.
In his Second Amended Third Party Complaint dated October 3, 2001, Muro alleges that Sterling had a duty to provide the third party plaintiff and the plaintiffs with complete and accurate information regarding the investment scheme and that Sterling had a duty to not participate in any CT Page 6276 scheme which it knew, or should have known, was worthless and without any investment value.
Sterling provides administrative and custodial services for self-directed accounts, and, because they are self-directed, Sterling has no discretion regarding investments held within an account. The Individual Retirement Trust Account Adoption Agreement signed by the plaintiffs contains the following language:
 "The individual understands (i) that it is the individual's sole responsibility to manage the investment of this IRA, (ii) that Sterling Trust has no responsibility to question any investment directions given by the individual regardless of the nature of the investment, (iii) that Sterling Trust has no responsibility for providing investment advice, and (iv) that Sterling Trust is in no way responsible for monitoring the performance of account investments or for the performance of any investment product in the Account."
The Investor Direction and Certification signed by the plaintiffs states the following:
 "I ACKNOWLEDGE THAT I HAVE SOLE RESPONSIBILITY FOR DIRECTING THE INVESTMENT OF MY ACCOUNT, AND THE ADMINISTRATIVE REVIEW PERFORMED BY STERLING TRUST ON THE ABOVE OFFERING WAS SOLELY TO DETERMINE THAT THE INVESTMENT IS ADMINISTRATIVELY FEASIBLE FOR STERLING TRUST TO HOLD FOR THE BENEFIT OF MY ACCOUNT. I FURTHER ACKNOWLEDGE THAT THIS REVIEW WAS NOT A DUE DILIGENCE REVIEW, AND THAT STERLING HAS NOT RENDERED ANY INVESTMENT ADVICE, NOR HAS STERLING EXPRESSED ANY OPINION AS TO THE PRUDENCE OR VIABILITY OF THE INVESTMENT. I AGREE TO HOLD STERLING TRUST COMPANY HARMLESS FROM ANY LIABILITY FOR ANY LOSS, DAMAGE, INJURY OR EXPENSE WHICH MAY OCCUR AS A RESULT OF THE EXECUTION OF THIS INVESTMENT DIRECTION AND CERTIFICATION."
The documents signed by the plaintiffs were very explicit in repeatedly stating that Sterling was not rendering investment advice and that the plaintiffs had sole responsibility for directing the investment of their IRA. The language of the documents signed by the plaintiffs unambiguously limited the role of Sterling. Sterling acts only as its' customers' agent and solely at their instructions. Sterling had no duty to confirm the CT Page 6277 soundness of the plaintiffs' investment choices or advise them in any way. Accordingly, the motion for summary judgment is granted.
Sferrazza, J.